Kunkle, J.
Plaintiff in error, Charles J. Yunker, was charged, tried and convicted before C. R. Hess, J. P., of Clinton township, Shelby county, Ohio, with selling to Stanley Bryan a certain quan *158 tity of an imitation vanilla extract, for which no standard exists, which was not labeled “artificial” or “imitation,” and the formula printed, in the manner provided for the labeling of “compounds” or “mixtures” and their formulae, in this, to-wit: The word “artificial” and the formula were not printed upon the package as required by law.
Error was prosecuted to the court of common pleas and the judgment of the justice of the peace was affirmed.
Error is now prosecuted to this court from the judgment of the court of common pleas.
Various errors are assigned in the petition in error, but we will confine ourselves to the three chiefly relied upon by counsel for plaintiff in error in presentation of the case.
1. That the trial court erred in refusing to issue a commission, upon the application of plaintiff in error, to take the testimony of Joseph O. Dea in the state of New York.
Section 10, Article 1 of the Constitution, in brief, specifies that provision may be made by law for the taking of the deposition by the accused or by the state, to be used for or against the accused, of any witness whose attendance cannot be had at the trial, always securing to the accused the means and opportunity to be present in person and with counsel at the taking of such deposition.
The above constitutional provision merely au-' thorizes the legislature to make provision for the taking of a deposition.
It is optional with the legislature to make such provision.
*159 By virtue of this provision the legislature of this state adopted_Section 13668, General Code.' This section provides that “When an issue of fact is joined upon an indictment and a material witness for the defendant or for the state resides out of the state, or, residing within the state, is sick or infirm or about to leave the state or is confined in prison, such defendant or the prosecuting attorney may apply, in writing, to the court or the judge thereof in vacation, for a commission to take the deposition of such witness or witnesses. The court or judge may grant such commission and make an order stating in what manner and for what length of time notice shall be given to the prosecuting attorney or to the defendant before such witness or witnesses shall be examined.”
It appears from a reading of this section that even when an issue of fact is joined upon an indictment a discretion is reposed in the trial court as to whether such application should or should not be granted.
A reviewing court would therefore not be justified in reversing the ruling of the trial court thereon unless it clearly appeared from the record that the trial court had abused its discretion in refusing such request.
The record in this case does not disclose such a state of facts.
It being optional with the legislature to make provision for the taking of such depositions the trial court could grant such application only in the cases specified by the legislature.
The legislature by Section 13668 limited the court’s authority to grant such application to cases *160 wherein an issue of fact is joined upon an indictment.
No indictment was returned in this case. No indictment could be returned before a justice of the peace.
The issue of fact was joined upon an affidavit, not an indictment, and we are of opinion that for this reason the justice did not err in overruling the application for the commission.
2. It is also claimed by counsel for plaintiff in error that the affidavit in question should have charged that the sale was made to The Venus Chocolate Company, instead of to Stanley Bryan, the agent and employe of The Venus Chocolate Company.
From an examination of the Ohio authorities cited in the brief of counsel for defendant in error we are clearly of opinion that the offense in question consisted of making the illegal sale.
The identity of the purchaser is therefore not an essential element of the offense, and we do not think a material variance exists as claimed by counsel for plaintiff in error.
3. It is further claimed that the article in question was sold to The Venus Chocolate Company as imitation vanilla; that said company knew exactly what they were securing; that the record fails to show that the proper label was not on this package when the same arrived in Sidney, and that therefore the judgment in this case is clearly against the weight of the evidence.
We have-carefully read the record in this case in so far as it relates to the grounds of error urged by counsel for plaintiff in error.
*161 We shall not undertake to discuss the testimony in detail, as counsel are familiar with the same, but from an examination of the record we would not feel justified in' finding that the judgment is • against the manifest weight of the evidence.
After a careful consideration of the record and authorities, we find no error in the record which we consider prejudicial to plaintiff in error, and the judgment of the court of common pleas court will be affirmed and the cause remanded for execution.

Judgment affirmed.

Allread and Ferneding, JJ., concur.