THE STATE, EX REL. JACKMAN ET AL., *v.* COURT OF COMMON PLEAS OF CUYAHOGA COUNTY ET AL.

(No. 27768—Decided June 2, 1966.)

*Mr. John T. Corrigan,* prosecuting attorney, for relators.
*Mr. Bernard A. Berkman, Mr. Fred A. Mandel* and *Mr. James R. Willis,* for respondents.

SKEEL, J. This is an action originating in this court, seeking a writ of prohibition against the Court of Common Pleas

of Cuyahoga County to prohibit that court from granting and carrying into execution an application to appoint a commission to take the depositions of certain "state witnesses" as, in part, provided by Section 2945.50 *et seq.*, Revised Code.

The petition alleges that Clarence Jackman and Alan Schultz (relators herein) are police officers assigned to the homicide unit of the detective bureau of the Police Department of the city of Cleveland, and that Daniel Miska, Gregory Argood and David Aldridge are now being held as material witnesses in the cases of *State* v. *David Ferelli and Norman T. Kosky,* each of whom has been indicted on two counts of murder in the first degree, which cases are now pending in the Court of Common Pleas of Cuyahoga County.

It is further alleged that defendant David Ferelli has made application to take the depositions of relators and other witnesses under the authority of Section 2945.50, Revised Code, as amended effective October 13, 1965 (in 131 Ohio Laws H 153), which provides:

"At any time after an issue of fact is joined upon an indictment, information, or an affidavit, the prosecution or the defendant may apply in writing to the court in which such indictment * * * is pending for a commission to take the depositions of any witness. The court or a judge thereof may grant such commission and make an order stating in what manner and for what length of time notice shall be given to the prosecution or to the defendant, before such witness shall be examined."

It is alleged that on December 22, 1965, a hearing was had upon such application wherein the prosecuting attorney appeared and stated that the application for a commission to take depositions did not allege that the witnesses sought to be deposed could not attend or "be had" at the trial and that, therefore, there was no constitutional authority vesting the respondents with the power to grant an application to take depositions under the allegations of the application.

It is also alleged that the court, on December 28, 1965, announced its intention to grant the application and that, unless it is prohibited from doing so by this court, the granting of such application will be journalized, whereby the court will exercise jurisdiction in excess of that invested upon it by law. The relators' prayer seeks an order prohibiting respondents from

granting such application to take the depositions of the relators and other witnesses of the state whose attendance it is admitted can be had at the trial.

The question presented on the demurrer is whether the petition of the relators seeking a writ of prohibition against the respondents proceeding with and granting the application to take the depositions of the relators and others, which the respondents admit to be a pre-trial discovery proceeding which does not claim or assert the fact that said witnesses could not be had at the trial, states a cause of action.

The right to present evidence by deposition in a trial court is not a right recognized or permitted at common law. Such right, if it can be exercised, must be provided by statute enacted under constitutional authority or, where the Constitution does not deal with the question, then upon a power authorized by statute. Section 7293, Revised Statutes (70 Ohio Laws 145, Section 144), which succeeded an earlier statute on this subject (there being at that time no provision in the Constitution authorizing the taking of depositions in criminal cases), provided:

"When an issue of fact is joined upon an indictment, and a material witness for the defendant resides out of the state, or, if he resides within the state and is sick or infirm, or is about to leave the state, or is confined in any prison of the state, the defendant may apply, in writing, to the court, or the judge thereof in vacation, for a commission to examine such witness upon interrogatories thereto annexed; and such court or judge may grant the same, and make an order stating in what manner, and for what length of time, notice shall be given to the prosecuting attorney before such witness shall be examined."

The next basic change of the statute dealing with this subject, following the amendment in 1912 of Section 10, Article I of the Constitution of the state of Ohio (Which was amended by adding the phrase: "but provision may be made by law for the taking of the deposition by the accused or by the state, to be used for or against the accused, of any witness whose attendance cannot be had at the trial, always securing to the accused means and the opportunity to be present in person and with counsel at the taking of such deposition, and to examine the witness face to face as fully and in the same manner as if in court."), was the amendment (in 1913) of what is now Section

2945.50, Revised Code, hereafter considered. The constitutional amendment was considered and passed, as is shown by the minutes of the constitutional convention, to give the state the same privilege as the defendant to perpetuate testimony of witnesses whom it is claimed cannot "be had" at the trial. These minutes clearly demonstrate that there was no thought of broadening the right of either party in a criminal case to take depositions for the purpose of pre-trial discovery.

As indicated, Section 2945.50, Revised Code (former Section 13444-11, General Code), after the adoption of the amendment to Section 10, Article I of the Ohio Constitution, was amended to provide:

"When an issue of fact is joined upon an indictment and a material witness for the state or the defendant is sick or infirm, or about to leave the state, or is confined in prison, or resides out of this state, the prosecuting attorney or the defendant may apply in writing to the Court of Common Pleas for a commission to take the depositions of such witness. The court or a judge thereof may grant such commission and make an order stating in what manner and for what length of time notice shall be given to the prosecuting attorney or to the defendant, before such witness shall be examined. Such commission shall not be granted and such order shall not be made until there is filed with the clerk of the Court of Common Pleas, an affidavit stating in substance the evidence sought to be secured by deposition, and that it is competent, relevant, and material, and the court finds that such evidence is relevant, competent, and material."

Section 2945.51, Revised Code (Section 13444-12, General Code), requires the sheriff to take the defendant to the place (and at the time) where the deposition is to be taken in this state. Section 2945.52, Revised Code (Section 13444-13, General Code), provides the right of counsel to attend and to have his expenses paid. And Section 2945.53, Revised Code (Section 13444-14, General Code), provides that the court, by proper order, where a deposition is to be taken under Section 2945.50, Revised Code, must secure to the defendant the means and opportunity to be present with counsel.

In such amendment (of Section 2945.50, Revised Code), the Legislature followed the power vested in it by the Constitution

as amended in 1912. This power does not authorize pre-trial discovery. It is clearly limited to taking testimony that cannot otherwise be preserved for presentation upon the trial of the case on the merits where a witness will not in all reasonable probability be then available, or, as the Constitution provides, where the witness "cannot be had." Where the Constitution is amended, granting or vesting a limited power in the Legislature to provide procedure for taking depositions in criminal cases, the Legislature cannot extend such right beyond the limitation provided. The Constitution, as amended, granting the taking of depositions where, in all probability, the witnesses will not be otherwise available upon trial on the merits in criminal cases, must be interpreted as excluding all other situations, such as pretrial discovery procedure, which might be thought of for taking depositions in criminal cases. The doctrine of *"expressio unius est exclusio alterius"* clearly applies here, supported by the historical background of this question as cited. No case is cited to the contrary. The demurrer is, therefore, overruled and, since there is no dispute as to the facts, the writ is ordered to issue.

One other consideration has assisted the court in coming to this conclusion. The statute (Section 2945.50, Revised Code) is permissive, that is, as is asserted by the respondents, the court may exercise its discretion in granting or denying an application to take depositions of any witness in a criminal case. No rules are provided to guide the court in the exercise of such permissive right. The court, under this section, is invested with the absolute, uncontrolled discretion to determine in what cases a deposition seeking discovery can or cannot be taken in a particular case. This would certainly constitute the delegation of legislative powers to the Court of Common Pleas. In a similar situation, presented to the Supreme Court in the case of *State, ex rel. Selected Properties, Inc., V. Gottfried,* 163 Ohio St. 469, the court said, in paragraphs one and two of the syllabus:

"1. If a zoning ordinance of a municipality does not contain sufficient criteria or standards to guide the administrative officer or tribunal in the exercise of the discretion vested in it, such enactment is unconsitutional and invalid.

"2. A municipal zoning ordinance which provides merely

that the use of property for a gasoline and oil filling station in a retail business district is allowed only in accordance with the provisions of a variance permit issued by the Board of Appeals is unconstitutional and void for want of standards or criteria for the guidance of such administrative tribunal and for the protection of citizens."

It is, therefore, held, for this additional reason, that Section 2945.50, Revised Code, is unconstitutional insofar as it provides for taking depositions of witnesses who can be called to testify upon the trial of a criminal case on the merits.

*Writ allowed.*

ARTL, C. J., and WASSERMAN, J., concur.