THE STATE OF OHIO, APPELLEE, *v.* STARK, APPELLANT

[Cite as State v. Stark, 9 Ohio App. 2d 42.]

(No. 10072—Decided November 21, 1966.)

*Mr. Melvin Rueger* and *Mr. D. G. Montfort,* for appellee.
*Miss Mae L. Finkbeiner,* for appellant.

HOVER, J. Defendant appeals from an order of the court below denying her application to take the deposition of a witness in a criminal case. On the basis of the record before us it appears that the witness is material, possibly even necessary to the defendant's case, and that the witness is in military service in South Viet Nam and not amenable to the ordinary

subpoena procedures. This court would ordinarly not be authorized to consider an appeal of an interlocutory order, but in this instance defendant claims a violation of the state Constitution (Section 10, Article I) in that she is being deprived of the right of compulsory process to procure the attendance of witnesses in her behalf. Under the circumstances, it cannot be denied that the deprivation of this right prior to trial would constitute a final order.

Defendant made two applications to the court below to authorize the requested deposition. Each was overruled. This court will address itself to the second application only, simply commenting in regard to the first that the court below in its refusal made a commendable and understandable suggestion to pursue the possibility of applying to the military authorities to make the witness available in person. The record does not show whether any effort was made to effect this, although it may be inferred that no such effort was made for the reason that the second application was filed the day after the first was overruled.

In disposing of the second application the court below, again in a commendable effort to save a great and possibly unnecessary expenditure of public funds, directed that the deposition be taken as upon interrogatories pursuant to statutes relating to civil rather than criminal proceedings. The court found that the application for expenses for taking the actual deposition was not well taken and accordingly denied the same. The next day, defendant appealed to this court.

Two specific errors are assigned: (1) The refusal of the court to order a formal deposition rather than an interrogatory proceeding; and (2) the refusal of the court to make an allowance for travel expenses and personal compensation for defendant's attorney, and for expenses of the prosecuting attorney.

Specifically, provision is made in Section 10, Article I of the Constitution for the adoption of laws providing for the taking of depostions in criminal cases as follows:

"* * * In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; * * * to meet the witnesses face to face, and to have compulsory process to procure the attendance of witnesses in his behalf * * *; but provision may be made by law for the taking of the

deposition by the accused or by the state, to be used for or against the accused, of any witness whose attendance cannot be had at the trial, always securing to the accused means and the opportunity to be present in person and with counsel at the taking of such deposition, and to examine the witness face to face as fully and in the same manner as if in court. * * *''

It should be noted here that the defendant herself has specifically waived her own right to be present at the requested deposition in South Viet Nam. The application is concerned solely with her right to have the testimony, to be represented by assigned counsel at the taking thereof, and the right of counsel assigned to her as an indigent accused to be paid for his expenses and his time.

Deriving from this constitutional grant of authority, Section 2945.50 of the Revised Code, as effective October 13, 1965 (131 Ohio Laws 681), provides:

"At any time after an issue of fact is joined upon an indictment, information, or an affidavit, the prosecution or the defendant may apply in writing to the court in which such indictment, information, or affidavit is pending for a commission to take the depositions of any witness. The court or a judge thereof may grant such commission and make an order stating in what manner and for what length of time notice shall be given to the prosecution or to the defendant, before such witness shall be examined."

Section 2945.52, Revised Code, further provides that counsel, such as may be assigned by the court to represent an indigent defendant, may attend the taking of such deposition and be paid a reasonable fee for services rendered and for actual expenses.

Prior to 1965, the statute quoted above provided certain standards and guidelines to control the discretion of the trial court in granting or refusing an application. It was previously required that the court be convinced that the witness was a material one and that he reside outside the state, together with certain other limitations not applicable here.

It has been repeatedly indicated that the court's authority to grant applications for depositions is subject to strict compliance with the limitations on the process laid down by the Legislature in the exercise of its constitutional authority. See

*Neiswender* v. *State*, 26 C. C. (N. S.) 247, 35 C. D. 116 (application deficient in its representations); *Yunker* v. *State*, 8 Ohio App. 157 (no pertinency to justice of the peace cases—testimony sought not material); and *State* v. *Anthoulis*, 62 Ohio App. 113 (evidence of character, credibility and reputation not contemplated). The taking of testimony by interrogatory is nowhere contemplated in criminal proceedings.

It will be observed that Section 2945.50, Revised Code, in its present amended form, carries no limitation whatsoever upon the discretion of the trial court. In *State, ex rel. Jackman,* v. *Court of Common Pleas*, 6 Ohio App. 2d 182, the Eighth District Court of Appeals has recently (June 2, 1966) determined that the statute in its present form and under the facts there indicated (a pre-trial inquiry into available witnesses) is a delegation of legislative power to the Court of Common Pleas and is, accordingly, unconstitutional to that extent. The court there further holds that the Legislature, in enacting this section purporting to implement the constitutional privilege relative to the taking of depositions in criminal cases, cannot confer or extend the taking or use of them beyond the limitations set out in the Constitution itself.

This court is in agreement with that decision. The case however must be considered in the light of the factual situation upon which it is based. The Eighth District Court of Appeals is concerned with the attempted use of the statute to obtain what amounts to pre-trial testimony. In that case the testimony sought to be taken by deposition did not come within those instances where the Constitution above quoted has granted authority to the Legislature. The witnesses in that case would admittedly be available for trial. In this case however, if the facts alleged in the affidavits supporting the application to take the deposition be true, and there is nothing in the record to contradict them, the witness is in military service in a foreign country and is decidedly not amenable to the subpoena powers of the state of Ohio or of the Court of Common Pleas of Hamilton County. The application makes out a strong case for the granting of a commission to take the deposition of the witness designated in South Viet Nam. The word, "commission," as used in the statute is a temporary specific and limited delegation of the authority of the court itself to produce testimony

which would not be available otherwise under Ohio law. See 7A Words and Phrases, 567, 568 and 574, citing *Moore v. Keesey*, 26 Wash. 2d 31, 173 P. 2d 130; *In re Canter*, 40 Misc. 126, 81 N. Y. S. 338; and *Tracy* v. *Suydam* (N. Y.), 30 Barb. 110.

The accused is accordingly entitled to the issuance of a commission to have the deposition of the named witness. Before the issuance of the commission however, it is necessary that the court be informed of the approximate whereabouts of the witness so that an appropriate commissioner may be named in the letters patent. The affidavit merely mentions that the witness is in Viet Nam. The court must take notice of the fact that Viet Nam is actually two sovereignties, north and south, one of which, North Viet Nam, is not recognized by the United States of America. The other country, South Viet Nam, is so recognized. It consists of approximately sixty-five thousand square miles of territory, with an estimated population of sixteen million people. Before the issuance of a commission it would be necessary for the trial court to be advised of the approximate whereabouts of the witness, rather than to require any commissioner appointed for the purpose of taking his testimony to conduct, in addition thereto, a search for the individual named. Under the circumstances set out in the application, this could probably be accomplished beforehand through an appropriate military authority.

The problem of proper legal representation for the accused at the taking of such deposition remains. Section 2945.52 of the Revised Code provides:

"Counsel assigned by the court to represent the defendant may attend upon and represent the defendant at the taking of a deposition under Section 2945.50 of the Revised Code, and said counsel shall be paid a reasonable fee for his services in taking such deposition, in addition to the compensation allowed for defending such defendant, to be fixed by the court. He shall also be allowed his actual expenses incurred in going to and from the place of taking the deposition."

It will be noted that that section does not require that counsel be present. The presence of counsel at the taking could be waived just as the presence of the accused himself is waived. The statute does not preclude the right of the court to assign additional or special counsel to the defendant for the parti-

cular purpose of representing the accused before the deposition commissioner. The Constitution simply spells out the right of the accused to be represented by counsel; it does not require either the accused or the state to be represented at the taking of the deposition by the same counsel assigned to the actual trial of the case. It is our opinon that the court below, in granting a commission to take the deposition, may assign counsel to the defendant for that purpose other than the counsel assigned to represent the indigent defendant at the ultimate trial of the case. In addition to designating a specific commissioner, the court has the authority to provide as well for appropriate representation for the indigent defendant at the taking of the deposition and to provide reasonable compensation and expenses for such counsel.

It is observed in passing that this would not preclude the parties from stipulating what the missing witness's evidence might be, nor does it preclude the possibility of an agreement by both parties to take the deposition of the witness in an adversary manner by the selection of counsel for respective parties before some officer, probably within the military establishment, who could compel the attendance of the witness on location, and the witness's examination and cross-examination by such designated counsel.

The order of the court below is accordingly modified by striking therefrom the requirement that the testimony of the witness be taken on interrogatory—there being no constitutional or statutory authority for such a procedure in criminal cases.

The order of the court below is reversed insofar as it denies the application to take the deposition itself, and the court is directed to make provision for appropriate legal representation of the accused and of the state at the specific place in the foreign country involved where the witness can be reached by compulsory process through the military authorities, or otherwise, and further reasonable provision for the expense, if any, involved in such proceeding.

*Judgment accordingly.*

HILDEBRANT, P. J., and LONG, J., concur.