DECISION AND JUDGMENT ENTRY
{¶ 1} Bellevue City Schools ("BCS") has filed a motion to dismiss the appeal filed by the minor child, Tracy M., in this juvenile delinquency case. In defending the allegation that Tracy assaulted a fellow student, Tracy's appointed attorney issued a subpoena to the Bellevue High School principal demanding production of "any and all school records of [Tracy's alleged victim] including disciplinary records." The school filed a motion to quash the subpoena on the grounds that complying with it would violate the Family Educational Rights and Privacy Act. The trial court granted the motion to quash in part and modified the subpoena so that the school need only supply Tracy with "directory information" concerning the alleged victim. The trial court issued its order on July 9, 2004 and amended its judgment four days later with an order that states, "The Court finds that there is no just reason for delay and that this decision of the Court should be deemed a final, appealable order." Tracy filed her notice of appeal from the order on July 23, 2004.
 {¶ 2} BCS states in its motion to dismiss the appeal that despite the "final and appealable" language added in the July 9, 2004 order, the court's ruling is not appealable until the entire case is completed. Tracy filed both a memorandum in opposition and a motion to strike the filing of BCS's motion to dismiss on the basis that BCS is not a party to the case and has no standing to file the motion. In the event that this court finds that BCS has standing, Tracy argues that the order is final and appealable and this court should not dismiss her appeal.
 The Standing Issue {¶ 3} Tracy states that BCS "is not a party to this appeal, let alone an appellee. Rather, the appellee is the state of Ohio. Although BCS has the right to seek to file a brief as an amicuscuriae, see App.R. 17, it lacks standing as an appellee in this case. Lacking party status, BCS has no right to file a motion to dismiss the appeal."
 {¶ 4} "Subpoenaed non-party witnesses have standing to file motions to quash the subpoenas" in the trial court. City of N.Olmsted v. Pisani (Nov. 22, 1995), 8th Dist. No. 67986 and 67987. If that motion to quash is granted and the subpoenaing party files an appeal, it stands to reason that the subpoenaed non-party must be able to defend the judgment in its favor in the appellate court. We deny Tracy M.'s motion to strike the filing of the motion to dismiss.
 The Final Appealable Order Issue {¶ 5} We first note that a trial court's statement that its order is a final appealable order and that there is no just reason for delay pursuant to Civ.R. 54(B) does not turn an otherwise non-final order into a final appealable order. "An order of a court is a final appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C.2505.02 are met." Chef Italiano Corp. v. Kent State Univ.
(1989), 44 Ohio St.3d 86, syllabus.
 {¶ 6} R.C. 2505.02 states, in pertinent part:
 {¶ 7} "(A) As used in this section:
 {¶ 8} "* * *
 {¶ 9} "(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privilegedmatter, or suppression of evidence.
 {¶ 10} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 11} "* * *
 {¶ 12} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 13} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 14} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." (Emphasis added.)
 {¶ 15} The order at issue in this case is a "provisional remedy" either as one addressing discovery of privileged matter or as one suppressing evidence. Thus, the order granting the motion to quash much of the subpoena is only appealable before the entire case is concluded if Tracy M. "would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
 {¶ 16} Bellevue City Schools asserts that Tracy M. cannot clear this hurdle. The school system states, "there is a critical difference between the grant of and the denial of a discovery order which generally makes one a final appealable order and not the other. The difference is that you can't undo the damage ofgranting discovery * * * but you can undo any possible damage of not granting it * * *."
 {¶ 17} In this juvenile delinquency case, Tracy M. opposes the motion to dismiss, arguing that the trial court's order is not a "discovery order" but an order granting a motion to "quash a subpoena intended to bring into the trial itself evidence crucial to her defense, * * * the [order quashing the subpoena] work[s] as a denial of her right of confrontation and, more importantly, her right under the Ohio and federal constitutions to compulsory process." We find that the order does not deny Tracy her right of confrontation or to compulsory process since the order does not preclude her from calling the Bellevue principal and the alleged victim to the witness stand or prevent her from cross-examining these witnesses. Rather, it has the effect of suppressing evidence and limiting what the principal can be called upon to testify about. Regardless of whether the order is classified as a discovery order or an order suppressing evidence, it must pass the R.C. 2505.02(B)(4)(b) "no meaningful or effective remedy" test before it can be appealed now instead of after the entire case has concluded.
 {¶ 18} In this regard, Tracy M. states:
 {¶ 19} "In a criminal or quasi-criminal matter such as this one, a decision prior to trial which denies a party the right to compulsory process is one which cannot be remedied after trial. The bell cannot be unrung. A host of decisions — including whether to accept a plea offer, the nature and extent of cross-examination, and even whether the defendant should waive his or her 5th Amendment rights by taking the stand — are affected by evidence which defendant is able to adduce through compulsory process. If an appeal on a denial of compulsory process issue is delayed until after an unfavorable outcome at trial, a new trial may be ordered. But plea offers which were once made need not be made again, and — if made — need not include the same terms. And testimony from the first trial, even testimony of the defendant (which might not have been given but for the denial of compulsory process), can be used by the state in the second trial.
 {¶ 20} "And most importantly to a defendant, he or she could spend a substantial period of time under a sentence of imprisonment or restitution after the first trial but before the appeal was decided. There is simply no meaningful adjunct in civil proceedings to the impact on a criminal defendant's liberty interest which a denial of compulsory process can occasion."
 {¶ 21} We find that these consequences of having to wait to appeal until after the case is over do not rise to the level of "making an appeal after final judgment essentially meaningless." Painter Dennis, Ohio Appellate Practice (2004) 32, Section 2:12. Tracy M. likens this situation to the one in State v.Stark (1966), 9 Ohio App.2d 42, where the court states:
 {¶ 22} "Defendant appeals from an order of the court below denying her application to take the deposition of a witness in a criminal case. On the basis of the record before us it appears that the witness is material, possibly even necessary to the defendant's case, and that the witness is in military service in South Viet Nam and not amenable to the ordinary subpoena procedures. This court would ordinarily not be authorized to consider an appeal of an interlocutory order, but in this instance defendant claims a violation of the state Constitution (Section 10, Article I) in that she is being deprived of the right of compulsory process to procure the attendance of witnesses in her behalf. Under the circumstances, it cannot be denied that the deprivation of this right prior to trial would constitute a final order." Id.
 {¶ 23} This case was decided more than 30 years prior to July 22, 1998 (the effective date of the current version of R.C.2505.02 which defines final orders) and does not address the question of whether the defendant would be denied an effective remedy if forced to wait to appeal after the final judgment. We decline to follow this case in favor of using the current version of the statute to analyze the issue before us.
 {¶ 24} Our research has uncovered only one criminal case in the past 25 years where a defendant was allowed to appeal an adverse judgment prior to the conclusion of his case. See Statev. Muncie, 91 Ohio St.3d 440, 2001-Ohio-93.
 {¶ 25} "This division of the final order statute [R.C.2505.02(B)(4)(b)] recognizes that, in spite of courts' interest in avoiding piecemeal litigation, occasions may arise in which a party seeking to appeal from an interlocutory order would have no adequate remedy from the effects of that order on appeal from final judgment. In some instances, `the proverbial bell cannot be unrung and an appeal after final judgment on the merits will not rectify the damage' suffered by the appealing party. SeeGibson-Myers Assocs. v. Pearce, 1999 Ohio App. LEXIS 5010 (Oct. 27, 1999), Summit App. No. 19358, unreported, 1999 WL 980562, at *2; see, also, Cuervo v. Snell, 2000 Ohio App. LEXIS 4404 (Sept. 26, 2000), Franklin App. Nos. 99AP-1442, 99AP-1443 and 99AP-1458, unreported, 2000 WL 1376510.
 {¶ 26} "* * *
 {¶ 27} "We find that an order compelling the administration of psychotropic medication under R.C. 2945.38 satisfies R.C.2505.02(B)(4)(b). As Glenn Weaver notes in its amicus curiae brief, `The availability of appellate review after a sentence is imposed offers no effective remedy for the accused person forced to endure the side effects of those medications during the pendency of the * * * proceedings.' As noted supra, both this court and the United States Supreme Court have explicitly recognized the `particularly severe' interference with an individual's liberty interest caused by the involuntary administration of antipsychotic drugs, as well as the potential for serious and even fatal side effects that can result from the administration of such medication. See Steele, Riggins, andHarper, supra. An incompetent criminal defendant forced to ingest potentially harmful psychotropic medications against his or her will has an even greater interest in an immediate appeal from that order than a party compelled to disclose potentially privileged documents or trade secrets in a civil case. Accordingly, for purposes of R.C. 2505.02(B)(4)(b), we conclude that an incompetent defendant subject to an order compelling the involuntary administration of psychotropic medication would have no meaningful or effective remedy by an appeal following final judgment." Id. at 451 — 452.
 {¶ 28} Cases which have held that a pre-conviction ruling is not immediately appealable include: State v. Hubbard (1999),135 Ohio App.3d 518 and State v. Crago (1990),53 Ohio St.3d 243 (denial of a motion to dismiss on grounds of double jeopardy), State v. Marut (1989), 63 Ohio App.3d 487
(requirement for defendant to submit to a blood test), State v.Saadey (June 30, 2000), Columbiana App. No. 99-CO-49, discretionary appeal not allowed (2000), 90 Ohio St.3d 1449, andState v. Williams 6th Dist. No. L-03-1070, 2003-Ohio-2533 (order disqualifying defendant's counsel).
 {¶ 29} We find that the order in this case granting the motion to quash in part and modifying the subpoena to limit the testimony of a witness is not a final appealable order. Any mistake in not allowing the Bellevue principal to testify about a student's records can be remedied by ordering a new trial.
 {¶ 30} We grant the motion to dismiss. This appeal is dismissed at appellant's costs pursuant to App.R. 24. It is so ordered.
APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.