[Cite as *In re Estate of Adkins*, 2016-Ohio-5602.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| In the Matter of: | : | Case No. 16CA22 |
| | : | |
| The Estate of: | : | **DECISION AND** |
| | : | **JUDGMENT ENTRY** |
| Barry Michael Adkins | | |
| | : | **RELEASED: 8/24/16** |

## APPEARANCES:

Craig A. Allen, Ironton, Ohio, for Appellant Robert Payne, Administrator of the Estate of Barry Michael Adkins.

Kevin J. Waldo, Ironton, Ohio, for Appellee Frederick Craft, Jr.

Harsha, A.J.

{¶1}    Appellant Robert Payne, Administrator of the Estate of Barry Michael Adkins ("the Administrator") filed a notice of appeal from the Lawrence County Common Pleas Court, Probate-Juvenile Division's judgment entry granting a motion to quash the subpoena issued to Appellee Frederick Craft, Jr. Upon review of the notice of appeal, this Court issued a Magistrate's Order directing the parties to file memoranda addressing whether the challenged entry is a final appealable order. Both parties have complied with the order. Upon consideration, the Court finds that the appealed entry is not a final appealable order and **DISMISSES** this appeal.

I.

{¶2} In this probate matter the Administrator served a subpoena on a non-party - Mr. Craft - demanding that he appear at counsel's office and bring with him "any and all personal bank account record and/or any other personal financial records for which [Mr. Craft] claim[ed] any deposits or expenditures concerning Tri-State Realty & Rental, Inc. and/or The Estate of Margret Adkins and/or The Estate of Barry Adkins." Following a hearing and the filing of memorandum of law, the trial court found no evidence that Mr. Craft had in his possession, custody or control any records in which Mr. Craft claims to have made any deposit or expenditure concerning The Estate of Barry Adkins ("the Estate"). The court also noted that the Estate had not brought a civil action against Mr. Craft and that Tri-State Realty & Rental, Inc. is a corporation in which the Estate may claim ownership of certain shares of stock, but the Estate and the corporation are separate legal entities.

{¶3} The trial court further noted that Mr. Craft's personal records are not relevant to the pending case involving the Estate and that financial matters related to Tri-State Realty & Rental, Inc. could be pursued in a court with jurisdiction over corporate matters. And, any financial matters related to The Estate of Margaret Adkins must be raised in that probate court case. Based on these findings, the Court granted the motion to quash the subpoena.

II.

**{¶4}** It is well established that an order must be final before it can be reviewed by an appellate court. See Section 3(B)(2), Article IV of the Ohio Constitution. See, also, *General Acc. Ins. Co. v. Insurance Co. of North American*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss the appeal. *Lisath v. Cochran*, 4th Dist. No. 92CA25, 1993 WL 120627 (Apr. 15, 1993); *In re Christian*, 4th Dist. No. 1507, 1992 WL 174718 (July 22, 1992).

**{¶5}** Moreover, appellate courts are not bound by a trial court's determination or statement that a judgment constitutes a final appealable order. See *Ft. Frye Teachers Assn. v. Ft. Frye Local School Dist. Bd. of Edn.*, 87 Ohio App.3d 840 (4th Dist. 1993). Therefore, the trial court's statement that the entry is a "final appealable order" is not binding on us.

A.

**{¶6}** R.C. 2505.02(B) states:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1)     An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
>      *          *          *
>
> (4)     An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a

judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b)  The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

B.

{¶7}   The Administrator argues that the trial court's entry is a final appealable order under R.C. 2505.02(B)(1), i.e. that it affects a substantial right. A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). The Administrator contends that it has a "substantial right" because Civ.R. 26(c) which requires that a movant for a protective order first make a reasonable effort to resolve the matter through discussion and attach a statement reciting the effort made to its motion for a protective order. "An order affects a substantial right if, in the absence of an immediate appeal, one of the parties would be foreclosed from appropriate relief in the future." *Koroshazi v. Koroshazi*, 110 Ohio App.3d 634, 640 (9th Dist. 1996), citing *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993).

{¶8}   The Administrator has not demonstrated that it would be foreclosed from appropriate relief in the future to enforce Civ.R. 26(c), i.e. following a final determination of the probate estate, such that the trial court's entry *affects* a substantial right. "In some instances, 'the proverbial bell cannot be unrung and an appeal after final judgment on the merits will not rectify the damage' suffered

by the appealing party." *In the Matter of Tracy M.*, 6th Dist. Huron No. H-04-028, 2004-Ohio-5756, at ¶ 25 (citations omitted). For example, the disclosure of privileged information cannot be undone absent an immediate appeal. See, e.g., *Nash v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 92564, 2010-Ohio-10, at ¶ 11 ("once the allegedly privileged information is disclosed, appellants cannot effectively appeal the decision"). However, the grant of a motion to quash a subpoena is very different than the denial of such a motion in that it prevents the release of information rather than requiring it.

{¶9}    Further, the Administrator has not shown that the trial court's entry determines the action and prevents a judgment. "For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." *Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 545 N.E.2d 1260 (1989). The trial court's entry does not resolve the merits of the case or a distinct branch of the case; rather, it resolves a discovery dispute. Therefore, it does not determine the probate action or prevent a judgment in the case.

{¶10}  Accordingly, the trial court's entry does is not a final appealable order under R.C. 2505.02(B)(1).

C.

{¶11}  Although the Administrator does not address R.C. 2505.02(B)(4) in its memorandum, most courts considering whether an entry addressing discovery

is a final appealable order have done so under this provision. The requirements of R.C. 2505.02(B)(4) are met if the order grants or denies a provisional remedy, the order both determines the action with respect to the provisional remedy and prevents a judgment in favor of the appealing party with respect to the provisional remedy, and the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment. *Northeast Professional Home Care, Inc. v. Advantage Home Health Services, Inc.*, 188 Ohio App.3d 704, 2010-Ohio-1640, 936 N.E.2d 964 (5th Dist.), at ¶ 28.

{¶12} The Fifth, Eighth and Tenth Districts have all held that an order **denying** a motion to quash a subpoena served on a non-party is a final appealable order. See *Scott Process Systems, Inc. v. Mitchell*, 5th Dist. Stark No. 2012CA00021, 2012-Ohio-5971, at ¶¶ 23-24; *Tisco Trading USA, Inc. v. Cleveland Metal Exchange, Ltd.*, 8th Dist. Cuyahoga No. 97114, 2012-Ohio-493; and *Foor v. Huntington Natl. Bank*, 27 Ohio App.3d 76, 499 N.E.2d 11297 (10th Dist. 1986). In reaching this conclusion, the 10th District Court of Appeals noted that a nonparty witness has no recourse from a motion overruling the motion to quash a subpoena duces tecum other than an appeal from the order. *Foor* at 77-78. However, this same reasoning would not apply when a nonparty's motion to quash a subpoena is granted.

{¶13} We conclude that the Administrator can be afforded a meaningful and effective remedy at the conclusion of the probate case in this instance. If the Administrator can establish that the motion to quash should have been overruled, this Court can remand the matter for further discovery proceedings. See, also, *In*

*the Matter of Tracy M.*, 6th Dist. Huron No. H-04-028, 2004-Ohio-5756 (order granting high school's motion to quash subpoena for alleged assault victim's school records was not final appealable order because any error could be remedied by ordering a new trial).

{¶14} For these reasons, we find that the entry being appealed is not a final appealable order and **DISMISS** this appeal. The clerk shall serve a copy of this entry on all counsel of record and unrepresented parties at their last known addresses by ordinary mail. **SO ORDERED.**

**APPEAL DISMISSED.  COSTS TO APPELLANT.  ANY PENDING MOTIONS ARE DENIED AS MOOT.  SO ORDERED.**

McFarland, J. & Hoover, J.: Concur.

**FOR THE COURT**

_____
William H. Harsha
Administrative Judge