[Cite as *J.L.C. v. J.V.C.*, 2021-Ohio-4607.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

J.L.C.,                                          :

     Plaintiff-Appellant,            :

                                      No. 110419

     v.                              :

J.V.C.,                                          :

     Defendant-Appellee.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** December 30, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-14-353921

---

### *Appearances:*

Stafford Law Co., L.P.A., Joseph G. Stafford, and Nicole A.
Cruz, for appellant.

Joyce E. Barrett and James P. Reddy, Jr., *for appellee.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Plaintiff-appellant J.L.C. ("Mother") appeals the trial court's granting of a motion to quash Mother's subpoena of a nonparty witness. We dismiss the appeal for lack of a final appealable order.

## I.  Introduction and Background

{¶ 2}  Mother and defendant-appellee J.V.C. ("Father") were divorced on April 6, 2015.  Mother was designated as the residential parent and legal custodian of the parties' three minor children.  Due to Father's incarceration at the time of the judgment, a visitation schedule was not implemented.  Supervised visits were granted upon release due to Father's abuse and domestic violence acts involving the two older children.  On January 31, 2018, the parenting plan was modified by an agreed judgment entry that included a five-step plan to gradually increase Father's parenting time through September 10, 2019.

{¶ 3}  According to Mother, the children responded to the increased visits with anxiety attacks, sleeping difficulties, and significant behavioral issues.  During the supervised visitations, the children requested that the visitations end and that no future visitations would be required.

{¶ 4}  On October 19, 2020, the trial court scheduled a series of motions for trial before the magistrate on April 9, 2021.  The motions included Father's motions for reunification counseling, modification of parenting agreement, and to enforce parental rights.

{¶ 5}  On March 12, 2021, Mother subpoenaed J.F.  Mother states that J.F. is a wellness coach, not a counselor, who is employed by the children's school district to assist students with skill-building and related functions.  According to Mother, the children began working with J.F. to address their issues with fear, anxiety, and sleeplessness surrounding their visits with Father.  Mother requested the testimony

to corroborate Mother's concerns for the mental and emotional well-being of the minor children and the negative impact that visitation with Father has had on the children.

{¶ 6} On March 31, 2021, J.F., a licensed professional clinical counselor with the school district, moved through counsel to quash the subpoena pursuant to Civ.R. 45 on the ground that the "testimony implicates matters that are privileged pursuant to R.C. 2317.02(G)." Mother did not file a response.

{¶ 7} On April 8, 2021, the trial court determined that a privilege exists between a counselor and child and the parent may not waive the privilege, citing *Rulong v. Rulong*, 8th Dist. Cuyahoga No. 84953, 2004-Ohio-6919. The motion to quash was granted. Mother appealed the next day.

{¶ 8} On April 15, 2021, this court dismissed the instant appeal for lack of a final appealable order. On May 12, 2021, this court granted Mother's motion for reconsideration and determined that the final appealable order issue should be heard on the merits.

## II. Assignments of Error

{¶ 9} Mother assigns the following as error:

I. The trial court erred as a matter of law and abused its discretion by quashing appellant's subpoena for the minor children's school counselor to appear at trial and testify.

II. The April 8, 2021, judgment entry is a final appealable order and this court has jurisdiction over the within appeal.

## III. Discussion

{¶ 10} We begin our analysis with the second assigned error that deals with the jurisdiction of this court to entertain the appeal.

{¶ 11} Mother argues that the order is final and appealable, that the motion was prematurely granted before Mother could respond in violation of the 14-day period provided by Civ.R. 6 and Loc.R. 15 of the Court of Common Pleas, Domestic Relations Division, and that the trial was scheduled before a magistrate, but the order was issued by the trial judge purportedly in violation of Civ.R. 53(D)(2).[1] It appears that these arguments were not presented to the trial court because the notice of appeal was filed on the day after the trial court issued the entry, which was the date set for trial.

{¶ 12} It is axiomatic that courts of appeal in Ohio "have jurisdiction 'to review and affirm, modify, or reverse judgments or final orders.' Article IV,

---

[1] Mother cites case law for the proposition that a "'judge cannot enter an order directly in a matter that was heard by a magistrate.'" Appellant's brief, p. 17, quoting *Davis v. Davis*, 6th Dist. Wood No. WD-06-011, 2006-Ohio-3384, ¶ 17. There is nothing in the record to indicate that the magistrate heard the matter. Cases referred to a magistrate always remain on the trial judge's active docket who "always retains the inherent authority to control the docket and issue orders." *Wells Fargo Bank, N.A. v. Myles*, 8th Dist. Cuyahoga No. 93484, 2010-Ohio-2350, ¶ 20, citing *In the Matter of Zmuda*, 6th Dist. Lucas No. L-96-073, 1997 Ohio App. LEXIS 1203 (Mar. 31, 1997), citing *State ex rel. Kura v. Sheward*, 75 Ohio App.3d 244, 245, 598 N.E.2d 1340 (1992). "A trial court is a court of original jurisdiction, and a trial judge has full authority to rule on all matters before the trial court, even if the trial judge may previously have referred those matters to a magistrate." *Patterson v. Patterson*, 2d Dist. Clark No. 2003-CA-60, 2004-Ohio-4368, ¶ 12. "The referral of a case to a magistrate does not limit the jurisdictional power of the referring judge." *Id.*

Section 3(B)(2), Ohio Constitution." *Thomasson v. Thomasson*, 153 Ohio St.3d 398, 2018-Ohio-2417, 106 N.E.3d 1239, ¶ 10.

{¶ 13} R.C. 2505.02 addresses final orders. Mother argues that the order is final under R.C. 2502.02, which provides:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 14} "Divorce qualifies as a special proceeding as defined in R.C. 2505.02(A)(2)" for purposes of R.C. 2505.02(B)(2). *Thomasson* at ¶ 12. This categorization extends to "any ancillary proceeding on custody-related claims." *Prakash v. Prakash*, 181 Ohio App.3d 584, 2009-Ohio-1324, 910 N.E.2d 30, ¶ 9 (10th Dist.), citing *State ex rel. Papp v. James*, 69 Ohio St.3d 373, 379, 632 N.E.2d 889 (1994), citing *Dansby v. Dansby,* 165 Ohio St. 112, 113, 133 N.E.2d 358 (1956),

and *In re Murray*, 52 Ohio St.3d 155, 161, 556 N.E.2d 1169 (1990). (Douglas, J., concurring in syllabus and judgment).

{¶ 15} An order affects a substantial right "only if 'in the absence of immediate review of the order [the appellant] will be denied effective relief in the future.'" *Thomasson*, 153 Ohio St.3d 398, 2018-Ohio-2417, 106 N.E.3d 1239, at ¶ 10, quoting *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993). The question in *Thomasson* was whether "the trial court's order appointing a guardian ad litem ("GAL") to act on behalf in her divorce case is a final, appealable order under R.C. 2505.02(B)(2)." *Id.* at ¶ 1.

{¶ 16} While *Thomasson* contains a comprehensive analysis of the substantial right prong, the court specifies that the unique facts of the case required immediate review.

> For these reasons, we set forth the *narrow and limited holding* that under R.C. 2505.02(B)(2), a trial court's order appointing a GAL to represent an adult in a divorce case is a final, appealable order when that adult has not been adjudicated incompetent subsequent to providing the parties with notice and an opportunity to be heard on the issue of the adult's competency. In this *unique* case, the order appointing a GAL to represent Carol is a final, appealable order.

(Emphasis added.) *Id.* at ¶ 34.

{¶ 17} Generally, "the granting of a motion to quash a subpoena is not considered a final appealable order." *Godwin v. Facebook, Inc.*, 2020-Ohio-4834, 160 N.E.3d 372, ¶ 9 (8th Dist.), citing *Hanick v. Ferrara*, 7th Dist. Mahoning No. 18 MA 0073, 2019-Ohio-880, ¶ 25. In contrast, "the denial of a motion to quash is generally considered a final appealable order because the appealing party lacks any

meaningful remedy following the final judgment as contemplated under R.C. 2505.02(B)(4)." *Id.* at ¶ 11. This is true because "[t]he grant of a motion to quash does not implicate the same concerns" as a denial. *Id.*, citing *Ferrara* at ¶ 25; *McCarthy v. Anderson*, 5th Dist. Licking No. 17 CA 36, 2018-Ohio-1993, ¶ 19; *In re Estate of Adkins*, 4th Dist. Lawrence No. 16CA22, 2016-Ohio-5602, ¶ 9; and *In re Tracy M.*, 6th Dist. Huron No. H-04-028, 2004-Ohio-5756, ¶ 29.

{¶ 18} Mother's challenge to the merits of the order granting the motion to quash is interlaced with those of whether the order impacts a substantial right. It is not necessary to convince this court of the importance of the proper consideration and allocation of parental rights under R.C. 3109.04 to promote and protect the best interests of the children. What is necessary, however, is a final appealable order to invoke jurisdiction for appellate review.

{¶ 19} The judgment on appeal does not determine parental rights. Mother has an effective and meaningful remedy by proffering the arguments that Mother attempts to introduce in this appeal directly to the trial court. "Since interlocutory orders are subject to modification, the trial court may reconsider them at any time." *Javidan-Nejad v. Navadeh*, 8th Dist. Cuyahoga No. 95406, 2011-Ohio-2283, ¶ 62.

{¶ 20} If reconsideration is unsuccessful, Mother may appeal any final appealable judgment in the action rendered after the trial. *Ferrara*, 7th Dist. Mahoning No. 18 MA 0073, 2019-Ohio-880, at 25, citing *In re Estate of Adkins*, 4th Dist. Lawrence No. 16CA22, 2016-Ohio-5602, at ¶ 13; and *In the Matter of Tracy M.*, 6th Dist. Huron No. H-04-028, 2004-Ohio-5756 (order granting high school's

motion to quash subpoena for alleged assault victim's school records was not final appealable order because any error could be remedied by ordering a new trial).

{¶ 21} Accordingly, this appeal is dismissed for lack of jurisdiction.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

LISA B. FORBES, J., and
EILEEN T. GALLAGHER, J., CONCUR