By the Court.
 

 This is an original action in mandamus in this court to compel the county commissioners of Perry county to appropriate to the relator the sum of $50 for the uses and purposes of defraying expenses of Memorial Day, May 30, 1925.
 

 A determination of the rights of the parties requires the construction of Section 2503, General Code, which recites as follows:
 

 “The commissioners of a county, annually, upon request of the officials thereof, may appropriate to each post of the Grand Army of the Republic, to each camp of the Spanish war veterans, and to each camp or post of any organization of veterans of the world war against the Central Powers of Europe, in the county, the sum of fifty dollars to aid in defraying the expenses of Memorial Day, and whenever any post or camp is combined with another post or camp, or when a post or camp is now composed of two or more posts or camps combined, then such appropriation to each post or camp shall be made to include an amount
 
 *214
 
 for each original post or camp the same as before they were so combined.”
 

 The pertinent language for interpretation is “may appropriate to each post of the Grand Army of the Republic,” etc.
 

 The act in question, as originally passed, is to be found in 99 Ohio Laws, 320; the language employed being “are hereby authorized to appropriate annually,” etc.
 

 In 101 Ohio Laws, at page 106, this language was amended to read, “may appropriate to each post of the Grand Army of the Republic,” etc.
 

 The same words were preserved in the various amendments found in 106 Ohio Laws, at page 105, 107 Ohio Laws, at page 617, and 108 Ohio Laws, pt. 1, at page 623.
 

 The use of the word “shall” in later portions of Section 2503, General Code, in reference to whenever any two or more posts are combined, and with reference to the allowance by township trustees to organizations of veterans who have served in any war in the service of the United States, would seem to indicate that the Legislature intended to discriminate between that which was permissive or discretionary and that which was mandatory in the carrying out of its intention.
 

 “In a statute the word ‘may’ may be construed in a mandatory sense only, where such construction is necessary to give effect to the clear policy and intention of the Legislature; and where there is nothing in the connection of the language or in the sense or policy of the provision to require an unusual interpretation, its use is merely permissive and discretionary. * * * Where by the use in.
 
 *215
 
 other provisions of the statute of the word ‘shall’ or ‘must,’ it appears that the Legislature intended to distinguish between these words and ‘may,’ ‘may’ will not be construed as imperative.”
 
 Carlin
 
 v.
 
 Freeman,
 
 19 Colo. App., 334, 75 P., 26.
 

 The court is therefore of the opinion that the language “may appropriate to each post,” etc., is to be construed as conferring upon the county commissioners discretionary power in the premises, and that the same is not mandatory.
 

 If it is to be mandatory upon the county commissioners to make provision for this laudable purpose, the remedy is with the Legislature and not with this court.
 

 Entertaining this view, it follows that the writ of mandamus must be denied.
 

 Writ denied.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.