By the Court.
 

 Relators seek a writ of mandamus from this court ordering the “judges of the Court of Common Pleas- of Cuyahoga county, to appoint a stenographic reporter as official shorthand reporter and assistants as provided by law.”
 

 ■ The case was submitted upon petition and answer, together with briefs and oral arguments of counsel.
 

 Relators base their action entirely on Sections 1546 and 1547, General Code, which they contend are mandatory because public rights and interests are concerned. These sections are as follows:
 

 “Sec. 1546. When in its opinion the business requires it, the court of common pleas of a county may appoint a stenographic reporter as official shorthand reporter of such court, who shall hold the appointment for a term not exceeding three years from the date thereof, and until a successor is appointed and qualified, unless removed by the court, after a good cause shown, for neglect of duty, misconduct in office, or incompetency. Such official shorthand reporter shall take an oath to faithfully and impartially discharge the duties of such position.”
 

 ‘ ‘ Sec. 1547. When the services of one or more additional shorthand reporters are necessary in a county, the court may appoint assistant shorthand reporters, in no case to exceed ten, who shall take a like oath, serve for such time as their services may be required by the court, not exceeding three years under one appointment, and may be paid at the same rate and in the same manner as the official shorthand reporter.
 
 *25
 
 Such shorthand reporters when so appointed shall be ex-officio shorthand reporters of the insolvency and superior courts, if any, in such county.”
 

 A decision in this controversy may properly rest on the basis of whether the quoted sections are mandatory or directory.
 

 In the recent case of
 
 State, ex rel. Wendling Bros. Co.,
 
 v.
 
 Board of Education of Magnolia Rural School Dist.,
 
 127 Ohio St., 336, 188 N. E., 566, it was said, in effect, that in interpreting a statute, the word “may” used therein should be given its ordinary, permissive and discretionary force, unless the sense of the entire enactment requires a construction equivalent to ‘ ‘ shall ” or “ must. ’ ’
 

 For statements of the same tenor, compare
 
 State, ex rel. Methodist Children’s Home Association of Worthington,
 
 v.
 
 Board of Education of Worthington Village School Dist.,
 
 105 Ohio St., 438, 444, 138 N. E., 865, 867;
 
 State, ex rel. John Tague Post No. 188, American Legion,
 
 v.
 
 Klinger et al., County Commrs.,
 
 114 Ohio St., 212, 214, 151 N. E., 47, 48.
 

 Many other cases of similar import from Ohio and elsewhere could be cited. Let it suffice to call particular attention to
 
 Bechtel
 
 v.
 
 Board of Supervisors of Winnebago County,
 
 217 Iowa, 251, 254, 251 N. W., 633, 635, wherein it is remarked:
 

 “The great weight of American authority is that the word ‘may’ when used in a statute is permissive only, and operates to confer discretion, unless the contrary is clearly indicated by the context of the statute. ’ ’
 

 “ ‘A “mandatory” provision in a statute is one which must be observed, as distinguished from a “directory” provision, which is one which leaves it optional with the department or officer to which it is addressed to obey it or not, as he may see fit.’ ”
 
 Ford
 
 v.
 
 Thompson,
 
 94 Neb., 658, 144 N. W., 243.
 

 
 *26
 
 See, also, the following authorities containing a comprehensive discussion of mandatory and directory statutes and the rules applicable to determine whether a statute is mandatory or directory, with numerous citations:
 

 37 Ohio Jurisprudence, Section 26, page 319
 
 et seq.; Landsdown
 
 v.
 
 Faris
 
 (C. C. A., 8), 66 F. (2d), 939;
 
 Kansas City
 
 v.
 
 J. I. Case Threshing Machine Co.,
 
 337 Mo., 913, 87 S. W. (2d), 195, 205;
 
 Francis
 
 v.
 
 Superior Court, Los Angeles County,
 
 3 Cal. (2d), 19, 28, 43 P. (2d), 300, 304;
 
 State, ex rel. South Dakota Game & Fish Comm.,
 
 v.
 
 O’Neill, State Aud.,
 
 62 S. D., 522, 254 N. W., 265;
 
 Ocean Accident & Guarantee Corp.
 
 v.
 
 Milford Bank,
 
 236 Ky., 457, 33 S. W. (2d), 312;
 
 Hays’ Exrx.
 
 v.
 
 Burns, Drainage Commr.,
 
 216 Ky., 827, 288 S. W., 764;
 
 Hudgins
 
 v.
 
 Mooresville Consolidated School Dist.,
 
 312 Mo., 1, 278 S. W., 769;
 
 Seiple
 
 v.
 
 Mayor, Alderman and Commonalty of Borough of Elisabeth,
 
 27 N. J. Law (3 Dutch.), 407;
 
 Cutler, Gdn.,
 
 v.
 
 Howard, Exr.,
 
 9 Wis., 309.
 

 After all, the function of a court in statutory construction and interpretation is to ascertain and give effect to the lawmakers’ intent. This is the cardinal rule; others are auxiliary to it.
 

 Upon a careful analysis of Sections 1546 and 1547, General Code, we can find nothing of a mandatory nature in their provisions. At most, they vest discretionary power in a Court of Common Pleas to appoint an “official shorthand reporter of such court” and assistants, not to exceed ten, “when in its opinion the business requires it.” Prom the entire context of these sections, we are convinced that the word “may” appearing therein was employed merely in a permissive sense. This conclusion is fortified by the use of the words “When in its opinion the business requires it,” etc., immediately preceding “may” in Section 1546.
 

 
 *27
 
 Of course, it is elementary
 
 that
 
 mandamus will not lie to control judicial discretion. Section 12285, General Code; 25 Ohio Jurisprudence, Section 186, page 1143; 8 Page’s Ohio Digest (Lifetime Ed.), Section 7, page 186.
 

 The writ is denied.
 

 Writ denied.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.