THE STATE, EX REL. MERRILL, APPELLEE, *v.* GREENBAUM ET AL., TRUSTEES, APPELLANTS.

(No. 3908—Decided March 24, 1948.)

*Messrs. Bailey & Bailey,* for appellee.
*Mr. Roy E. Browne,* director of law, and *Mr. Alexander S. Greenbaum,* for appellants.

STEVENS, J. Relator was a member of the police department of the city of Akron continuously from July 20, 1926, to November 2, 1946, on which latter date he tendered his written resignation, which was accepted. That letter of resignation did not specify mental or physical disability as the reason for the resignation.

On November 2, 1946, and again on November 4, 1946,

Merrill made written application to the Trustees of the Police Relief and Pension Fund of the City of Akron for a pension.

On February 27, 1947, said trustees denied Merrill a pension.

On April 15, 1947, Merrill filed his action in mandamus to compel said board to pay him a pension.

On October 21, 1947, the Court of Common Pleas, after hearing, ordered the issuance of a writ of mandamus, requiring the defendants to take the steps necessary to pay Merrill a pension of $60 a month from February 27, 1947.

From that judgment, this appeal on questions of law has been taken by defendants.

The Akron police relief fund was set up under the provisions of Section 4616 *et seq.*, General Code.

Section 4628, General Code, as in force at the time of the matters here under consideration, provided:

"Such trustees shall make all rules and regulations for distribution of the fund, including the qualifications of those to whom any portion of the fund shall be paid, and the amount thereof, with power also to give credit for prior continuous actual service in the fire department or in any other department of the city rendering service in fire prevention, but, no rules or regulations shall be in force until approved by a majority of the board of trustees."

In pursuance of the statutory authority therein granted, the trustees of said fund adopted Rules 16 and 16-A.

Those rules provide:

"16. Any legally, duly appointed and qualified police officer who has performed duties as a police officer in the police department of the city of Akron, Ohio, for a period of twenty (20) years or longer, may voluntarily retire from said service as such police officer,

and may apply to the trustees of the police relief fund. of the city of Akron, Ohio, for pension.

"If it be found by the board upon proper proof submitted to said board of trustees of the police relief fund and to the satisfaction of the said board, of the truth thereof, that said police officer has served a period of twenty (20) years or longer in said department as police officer, said board of trustees of the police relief fund of the city of Akron, Ohio, *may* retire him on pension and place him on the pension rolls and participate in said fund, and order paid to him out of the funds of said board of trustees the sum of three dollars ($3) per month for each year he had served continuously before his retirement.

"16-A. Be it provided, that any legally, duly appointed and qualified police officer who has performed duties as a police officer in the police department of the city of Akron, Ohio, for a period of twenty-five (25) years or longer, may voluntarily retire from said service as such police officer, and may apply to the trustees of the police relief fund of the city of Akron, Ohio, for pension.

"If it be found by the board upon proper proof submitted to said board of trustees of the police relief fund and to the satisfaction of the said board, of the truth thereof, that said police officer has served a period of twenty-five (25) years or longer in said department as police officer, said board of trustees of the police relief fund of the city of Akron, Ohio, *shall* retire him on pension and place him on the pension rolls and participate in said funds and order paid to him out of the funds of said board of trustees the sum according to rank as hereinafter provided * * *." (Italics ours.)

Relator's application for pension was made under Rule 16.

The trial court construed Rule 16 to be a mandatory requirement that, after 20 years or longer of police service, relator was of right entitled to a pension, predicating that conclusion in part upon the case of *State, ex rel. Dieckroegger,* v. *Conners,* 122 Ohio St., 359, 171 N. E., 586.

With that conclusion this court does not agree.

In our judgment, Rule 16 vests in the trustees of the police relief fund discretion to grant or deny a pension to one who has served 20 years or longer upon the police force; the discretion here spoken of means a reasonable discretion, and the exercise thereof a reasonable exercise—not a captious, arbitrary or unreasonable one.

The wording of the rule to us seems clear and unambiguous. Hence the rule does not admit of judicial interpretation; it requires only application according to its plain meaning.

It is generally true that the exercise of discretion by a board will not be controlled by mandamus in the absence of a clear showing of fraud or abuse of discretion, and we do not find either of those elements here present.

We do not consider the *Dieckroegger case, supra,* to be controlling in this case. There, the rule under consideration was ambiguous, susceptible of two or more interpretations, and hence subject to construction. Such is not here the case.

The use of the words "may" and "shall" in the respective rules under consideration "would seem to indicate that" the board in their use "intended to discriminate between that which was permissive or discretionary and that which was mandatory in the carrying out of its intention." *State, ex rel. American Legion,* v. *Klinger et al., Commrs.,* 114 Ohio St., 212, 151 N. E., 47.

The Supreme Court of Ohio has said in *State, ex rel.* *Smith,* v. *Barnell, Dir.,* 109 Ohio St., 246, 256, 142 N. E., 611, quoting from 36 Cyc., 1160:

" ' * * * the word "may" should be construed to be mandatory whenever the public or individuals have a claim *de jure* that the power conferred should be exercised, or whenever something is directed to be done for the sake of justice or the public good; but never for the purpose of creating a right.' "

43 American Jurisprudence, Public Officers, Section 259; 50 American Jurisprudence, Statutes, Section 24.

As we view Rule 16, it does not create in relator a claim *de jure* that he be granted a pension; and unless "may" be construed to mean "shall," there is no *requirement* that the board allow relator a pension. If "may" be construed to mean "shall," such construction results in the creation of a right in relator to be paid a pension, contrary to the last sentence, *supra,* of the Supreme Court's statement of the law.

Application of these principles to the rules under consideration, requires the conclusion that Rule 16 is permissive or discretionary, while Rule 16-A is mandatory.

It was incumbent upon this relator to make a clear showing of right to the issuance of the extraordinary writ of mandamus.

That, in our opinion, he has not done.

The judgment is therefore reversed.

There being no dispute in the facts of this case, this court will enter the judgment which the trial court should have entered.

The issuance of a writ of mandamus is denied.

*Judgment reversed.*

DOYLE, P. J., and HUNSICKER, J., concur.