Taint *v.* The Kroger Company.

(No. A-200755—Decided May 19, 1967.)

Common Pleas Court of Hamilton County.

*Mr. Harry Kasfir, Messrs. Kasfir, Heckerman & Hood, Mr. Jerome S. Teller* and *Messrs. Chalfie & Teller,* for plaintiff.

*Mr. Robert G. Stachler* and *Messrs. Taft, Stettinius & Hollister,* for defendant.

Keating, J.  This cause came on for hearing on the cross-motions for summary judgment filed on behalf of defendant, The Kroger Company, and the plaintiff, Henry Taint.  After extensive argument by counsel for Mr. Taint and The Kroger Company, the matter was submitted for decision.  Numerous briefs were filed by counsel for the plaintiff and the defendant.  Henry Taint, plaintiff herein, in his amended petition for declaratory judgment and other relief states that he was wrongfully deprived of certain

allegedly vested pension rights by the defendant company. He further alleges that a deprivation of these right was occasioned by defendant's wrongful discharge of plaintiff.

Defendant, by its answer, specifically denies that plaintiff's right of participation in the pension fund was, in fact, vested, and further, specifically denies that defendant's discharge of plaintiff was wrongful, alleging rather that the termination of employment was reasonable and justifiable in all respects under the circumstances presented.

Plaintiff by his reply denies generally the allegations of the affirmative defenses contained in the answer above mentioned.

On the basis of the above styled pleadings, certain affidavits, numerous depositions and exhibits, each party to the action filed motions for summary judgment on behalf of their client, which we now consider.

While the legal efficacy of certain operative facts in the case are disputed, their occurrence or nonoccurrence is not disputed.

Henry Taint, plaintiff herein, was an employee of The Kroger Company, defendant herein, from 1910 until his discharge in 1961. On November 20, 1961, Taint was apprehended at the College Hill Kroger Store for shoplifting. This was after his regular working hours and in a Kroger building other than the one in which he was regularly employed.

While Taint declares that he remembers nothing concerning the actual taking of the item, witnesses both for himself and Kroger are all in agreement that Taint, without reservation, acknowledged the taking of the item for which he was apprehended. Taint's recall of the events of November 20, 1961, are revealed in his deposition; in the deposition of James H. Lambert, manager of the College Hill Kroger Store; in the deposition of Robert Montgomery, vice-president of Kroger; and in the affidavit of Dr. Robert McDevitt based on a consultation with the plaintiff within ten days after the occurrence.

## I.

The first matter to be considered by the court is

whether or not the discharge of Taint was with or without just cause.

The court finds that the discharge was not arbitrary and capricious, nor do we feel that a question of fact is presented on this issue. In support of this finding we refer to the deposition of James H. Lambert, the North College Hill manager of The Kroger Store and the statement contained in the deposition of Robert H. Montgomery, vice-president of Kroger, wherein Taint is alleged to have given the reason for his theft (which incidentally coincides with the statement contained in the affidavit of Dr. Robert McDevitt, the psychiatrist who examined Taint). Further supporting this position is a signed statement by the plaintiff himself, admitting the taking of the sausage, although not specifically admitting the quality of his act as wrongful.

Taint was in the employ of The Kroger Company for more than fifty-one years. During this period he served in many different capacities and at varying levels of responsibility in the Kroger organization. From his deposition it is clear that he knew and understood the policy regarding theft by employees and more particularly knew and appreciated the consequences of such acts.

Much is made of the fact that Taint was not on Kroger time nor in the warehouse of Kroger wherein he was employed. This matters not, for he cannot justify or separate the fact that at all times he was an employee of Kroger. To say that he could steal from a store when he was employed in a warehouse, or that it represents a different degree of crime or offense against the company is utterly without merit.

The medical report submitted by Dr. McDevitt purporting to excuse or justify the conduct may explain the conduct but cannot *mitigate* legal culpability on Taint's part.

## II.

The second question presented for the court is whether or not plaintiff was eligible for early retirement. The plan provides as follows: "An employee having 15 years of

continuous service, who is unable, for reasons of health, to continue working until age 65, may retire at any time after his 55th birthday if his written request for early retirement is approved by the board of directors.'' (Taint's Depo. Exh. 3, p. 18.)

One requirement is that the employee be ''unable for reasons of health to continue work until age sixty-five.'' There is nothing contained in the entire record before us to indicate Taint was unable, for reasons of health, to continue in his employment for Kroger. Taint indicated in his own deposition that Dr. McDevitt had assured him that he was going to get his job back.

Prior to the termination of employment, Taint did not submit any request for early retirement. The booklet (Taint's Depo. Exh. 3, p. 18) which is the only outline of the retirement plan Taint had seen, provided ''* * * may retire at any time after his 55th birthday if his written request for early retirement is approved by the board of directors.''

The resolution of the Kroger directors originating the plan provides ''that with the written consent of the board of directors an employee may retire at any time after his 55th birthday.'' (Affidavit Jerome S. Teller, Exh. 6 [a].)

Neither the conditions set forth in the booklet nor the resolution for early retirement have been fulfilled by Taint. From all the foregoing we cannot say the refusal of Kroger to grant early retirement was predicated on fraud, bad faith or abuse of discretion. In the absence of such a showing the decision of the board will not be controlled by judicial process. *State, ex rel. Merrill,* v. *Greenbaum* (C. A. Summit Co., 1948), 83 Ohio App. 484.

### III.

The third and final point raised is whether or not Taint is entitled to normal retirement benefits upon reaching age sixty-five.

The booklet on the Kroger Retirement Income Plan ''provides a lifetime retirement income, paid for entirely by the Company, for every eligible employee.'' (Taint's Depo. Exh. 3, p. 18.)

It further ''provides for retirement of every regular

employee at the end of the Kroger accounting period in which falls his 65th birthday, * * *. Each retiring employee who has completed at least 15 years of continuous service by his 65th birthday is eligible for retirement income." (Taint's Depo. Exh. 3, p. 18, 21.)

In addition the resolution of the board of directors of Kroger provides "* * * that every regular employee shall be retired at the end of the Kroger period in which falls his 65th birthday, * * *," and "* * * that an employee shall be required to have 15 years of service before becoming eligible for retirement pay * * *." (Affidavit Jerome S. Teller, Exh. 6[a].)

Clearly Taint had fifteen years of continuous service with Kroger from the age of 25 to the time of his discharge.

The issue, then, is whether Taint was required to be in the active service of Kroger at the time he reached his 65th birthday to be eligible for retirement benefits. The record is clear that he was not yet 65 at the time his employment was terminated.

The court must interpret the meaning of this section to resolve the question. The plan having been prepared by Kroger, must be most strictly construed against them and in favor of Taint. *Bevy's Dry Cleaners & Shirt Laundry, Inc.,* v. *Streble* (1965), 2 Ohio St. 2d 250.

Each reference contained in the retirement plan speaks of retirement while in the service of Kroger. Some of the phrases are "* * * for every eligible employee." "* * * retirement of every regular employee at the end of the Kroger accounting period in which falls his 65th birthday * * *." "Each retiring employee * * * at least 15 years continuous service by his 65th birthday, is eligible * * *." (Taint's Depo. Exhibit 3, p. 18.)

We cannot place any construction on the wording of the retirement plan other than that the employee is required to be actively in the service of Kroger at the time of his 65th birthday, unless he properly fulfills the conditions of early retirement.

In his years with Kroger, Taint periodically reviewed the program with the personnel office and in his deposition indicated a knowledge of the plan.

Taint did not make any contributions to the retirement income plan. The record does not disclose any ill will, hostility toward Taint on the part of Kroger, nor does it indicate any fraud, bad faith or abuse of discretion on the part of management or the board of directors of Kroger.

The theft for which Mr Taint was discharged not only affected his employment status, but also his right to retirement benefits.

A review of the pleadings, depositions, affidavits, briefs and arguments of counsel, requires the court to deny the motion for summary judgment filed on behalf of the plaintiff, Henry Taint, as to all three of the causes of action contained in the amended petition.

The court finds that the motion for summary judgment filed on behalf of Kroger is well taken and should be granted as to the three causes of action contained in the amended petition and in accordance with our opinion herein.

*Judgment for the defendant.*