[Cite as *Sapienza v. Material Eng. & Technical Support Servs. Corp.*, 2011-Ohio-3559.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| RICHARD SAPIENZA | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| MATERIAL ENGINEERING AND | : | |
| TECHNICAL SUPPORT SERVICES | : | Case No. 10CAE110092 |
| CORPORATION, ET AL. | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Court of Common Pleas,
Case No. 10CVH081164

JUDGMENT:          Reversed

DATE OF JUDGMENT ENTRY:          July 15, 2011

APPEARANCES:

For Plaintiff-Appellant          For Defendants-Appellees

MICHAEL G. LONG          MARION H. LITTLE, JR.
WILLIAM D. KLOSS, JR.          MATTHEW S. ZEIGER
ROBERT J. KRUMMEN          41 South High Street
52 East Gay Street          Suite 3500
P.O. Box 1008          Columbus, OH  43215
Columbus, OH  43216-1008

*Farmer, P.J.*

{¶1}　Materials Engineering and Technical Support Services Corporation (hereinafter "METSS") is an Ohio corporation with its principal office in Delaware County, Ohio. Appellant, Richard Sapienza, and appellee, Richard Heater, are the only directors and shareholders of METSS, each owning a 50% share of the corporation. Appellant resides in New York, developing technologies which the company would then market commercially. Appellee resides in Delaware County and manages the day-to-day operations of METSS.

{¶2}　Appellee received information that appellant was diverting opportunities from METSS by consulting with companies other than METSS, including several corporations in which appellant held an ownership interest. Meanwhile, METSS was the sole member of Geo-Tech Polymers, LLC, a limited liability company. A disagreement arose between appellant and appellee over Geo-Tech which led to appellant divesting his interest in Geo-Tech. Following his divestment, appellant believed there were financial irregularities between Geo-Tech and METSS, with appellee diverting METSS assets to the insolvent Geo-Tech.

{¶3}　On February 2, 2010, METSS filed an action against appellant in the Court of Common Pleas of Franklin County, Ohio, alleging breach of fiduciary duties, including misappropriation of corporate opportunities. On the same day, appellee fired appellant from his employment at METSS. Appellant filed a counterclaim seeking the dissolution of the corporation. On August 17, 2010, the Franklin County court dismissed the dissolution claim from the action.

{¶4} Following the filing of the Franklin County action, appellant scheduled three special shareholders meetings of METSS – the first on March 2, 2010; the second on March 18, 2010; and the third on April 14, 2010. Appellee did not appear, thereby preventing a quorum and any business from being transacted.

{¶5} An annual shareholders meeting was held on May 3, 2010 wherein appellant and appellee re-elected themselves to the board of directors. Upon considering various resolutions, the two did not agree on a single one. Appellant voted for a resolution dissolving the corporation while appellee voted against the resolution. Appellee removed the resolutions dealing with the election of corporate officers from the shareholders meeting agenda because the resolutions were to be heard during the board of directors meeting which was to be held immediately following the shareholders meeting. Before any business could be discussed at the board of directors meeting, appellee left. The election of corporate officers never took place.

{¶6} On August 5, 2010, appellant filed the instant action against appellee and METSS seeking dissolution of the corporation. He also filed a motion for appointment of a receiver and a motion to stay the Franklin County action. On September 10, 2010, appellees filed a motion for summary judgment. A non-evidentiary hearing was held on September 15, 2010. The trial court denied appellant's motion to stay the Franklin County action, and directed the matter to mediation. The remaining issues were scheduled to be heard on November 8, 2010.

{¶7} On October 25, 2010, appellant filed a cross-motion for summary judgment. By judgment entry filed October 26, 2010, the trial court granted appellees' motion for summary judgment and dismissed the complaint for dissolution.

{¶8}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶9}   "THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO JUDICIALLY DISSOLVE THE CORPORATION PURSUANT TO R.C. 1701.91(A)(4) IN THE FACE OF UNDISPUTED EVIDENCE THAT THE PARTIES ARE DEADLOCKED REGARDING THE CONTINUED EXISTENCE OF THE CORPORATION."

II

{¶10} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY CONSIDERING EVIDENCE NOT RELEVANT TO THE SPECIAL STATUTORY PROCEEDING OF A JUDICIAL DISSOLUTION PURSUANT TO R.C. 1701.91(A)(4)."

III

{¶11} "IF THERE IS ANY DISPUTE AS TO THE EXISTENCE OF DEADLOCK, THE TRIAL COURT ERRED IN AWARDING SUMMARY JUDGMENT TO DEFENDANT-APPELLEE MATERIAL ENGINEERING AND TECHNICAL SUPPORT SERVICES CORPORATION ('APPELLEE' OR 'METSS')."

IV

{¶12} "THE TRIAL COURT ERRED BY AWARDING SUMMARY JUDGMENT TO METSS BASED ON A DEFENSE THAT REQUIRES THE ADJUDICATION OF GENUINE ISSUES OF MATERIAL FACT – SPECIFICALLY QUESTIONS OF MATERIAL FACT OVER WHICH THE TRIAL COURT HAD NO JURISDICTION TO DECIDE BECAUSE THOSE ISSUES ARE BEFORE THE FRANKLIN COUNTY COURT OF COMMON PLEAS, OHIO, IN CASE NO. 10 CVH-02-1636."

V

{¶13} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY AWARDING SUMMARY JUDGMENT TO DEFENDANT-APPELLEE METSS BASED SOLELY ON THE FACT THAT PLAINTIFF-APPELLANT DR. RICHARD SAPIENZA ('APPELLANT' OR 'SAPIENZA') FAILED TO RESPOND TO METSS'S SUMMARY JUDGMENT MOTION WITHIN 14 DAYS."

I, III

{¶14} We address these assignments of error together as they both challenge the trial court's granting of summary judgment to appellees and failure to judicially dissolve the corporation.

{¶15} At the outset, we note that while couched in the context of a Civ.R. 56 summary judgment proceeding, this is not the type of case that would go forward with a full trial. It is the practice of Ohio courts to decide the issue of corporate dissolution by means of an evidentiary hearing rather than a full trial. *Callicoat v. Callicoat* (1994), 73 Ohio Misc.2d 38, citing *Hunt v. Kegerreis* (November 8, 1979), Monroe App. No. 523; *Sergakis v. White* (October 2, 1984), Jefferson App. No. 83-J-13. Because each party filed motions for summary judgment, it appears they tacitly agreed to allow the trial court to decide the issue based on the undisputed facts.

{¶16} R.C. 1701.91 governs judicial dissolution and provides the following in pertinent part:

{¶17} "(A) A corporation may be dissolved judicially and its affairs wound up:

{¶18} "(4) By an order of the court of common pleas of the county in this state in which the corporation has its principal office, in an action brought by one-half of the

directors when there is an even number of directors or by the holders of shares entitling them to exercise one-half of the voting power, when it is established that the corporation has an even number of directors who are deadlocked in the management of the corporate affairs and the shareholders are unable to break the deadlock, or when it is established that the corporation has an uneven number of directors and that the shareholders are deadlocked in voting power and unable to agree upon or vote for the election of directors as successors to directors whose terms normally would expire upon the election of their successors.  Under these circumstances, dissolution of the corporation shall not be denied on the ground that the corporation is solvent or on the ground that the business of the corporation has been or could be conducted at a profit.

{¶19} "(D) After a hearing had upon such notice as the court may direct to be given to all parties to the proceeding and to any other parties in interest designated by the court, a final order based either upon the evidence, or upon the report of the special master commissioner if one has been appointed, shall be made dissolving the corporation or dismissing the complaint.***"

{¶20} Because R.C. 1701.91(A)(4) involves an analysis of the facts presented by the complaining shareholders and directors, our standard of review is essentially a sufficiency of the evidence standard.

{¶21} Appellant argues the uncontroverted facts establish a deadlock exists between the parties, each owning a 50% interest in the corporation.  In support of this proposition, appellant cites to the May 3, 2010 annual shareholders meeting.  At this meeting, various resolutions were considered wherein the parties did not agree, including a resolution for a forensic audit of METSS and the appointment of a receiver

for METSS.　May 3, 2010 Shareholders Meeting T. at 7-8.　Another resolution was presented to dissolve the corporation with appellant voting for and appellee voting against.　Id. at 8.　Resolutions relative to other litigation, to the removal of appellant as an employee, and to make a monetary distribution to the shareholders for fiscal year 2009 were split for and against.　Id. at 8-11.

**{¶22}**　The shareholders meeting was adjourned and appellee immediately called a board of directors meeting and refused to entertain any issues and adjourned the meeting.　Id. at 12-13.

**{¶23}**　Appellant attempted to call a shareholders meeting on September 1, 2010, but appellee refused to participate.　September 1, 2010 Shareholders Meeting T. at 6. A board of directors meeting was held immediately thereafter wherein appellee, as chair, left.　Id.　Appellant read into the record the reasons for the meeting, including three offers to purchase the corporation.　Id. at 7-8.　One resolution called for the filing of criminal charges against appellee for the misappropriation of funds from METSS to Geo-Tech.　Id. at 12-13.

**{¶24}**　Previously, three other special shareholders meetings were called by appellant and appellee failed to participate resulting in the lack of a quorum (March 2 and 18, 2010, and April 14, 2010).

**{¶25}**　It is uncontested that appellant and appellee are each 50% shareholders of the corporation.　Appellee runs and manages the day-to-day activity of the corporation.　Appellant alleges financial misconduct by appellee in his ownership of GeoTech and his failure to fulfill the obligations to METSS as memorialized in a Memorandum of Understanding dated November 1, 2005, including the repayment of

loans, the payment of accounts receivable, and the payment of rent by GeoTech to METSS. Appellee alleges appellant has violated his duty to the corporation by engaging in outside activities. As a result, appellee as CEO terminated appellant's employment at METSS and appellant was sued by his own corporation.

{¶26} During appellee's deposition, he testified that he saw no basis and had no desire to dissolve the corporation while acknowledging that appellant sought dissolution. Heater depo. at 146-147. Appellee argues the day-to-day activity of the corporation is on-going and despite the lack of cooperation in the shareholders meetings, dissolution is not warranted. See, Appellees' Motion for Summary Judgment filed September 10, 2010.

{¶27} It is clear from the record that the issues of dissolution and sale of the corporation to another have been stonewalled by appellee in his failure to attend the three special shareholders meetings and his vote against dissolution at the May 3, 2010 annual shareholders meeting. In fact, during the operational arm of the corporation, the board of directors meeting which appellee called, appellee immediately adjourned and left.

{¶28} There is no doubt that the parties are in complete deadlock. One party wishes to end the corporation while the other wishes to continue on. Although the day-to-day activities are still happening, the governance of the corporation is at a standstill.

{¶29} Upon review, we find sufficient evidence in the record of an actual deadlock of the corporation. We find judicial dissolution to be mandated by the clear language of R.C. 1701.91.

{¶30} Assignments of Error I and III are granted.

II, IV, V

**{¶31}** Based upon our decision in the previous assignments, these assignments of error are moot.

**{¶32}** The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby reversed.

By Farmer, P.J.

Wise, J. concurs.

Edwards, J. dissents.


_s/ Sheila G. Farmer_____


s/ John W. Wise_____


_____

                            JUDGES

SGF/db 629

EDWARDS, J., DISSENTING OPINION

{¶33}   I respectfully dissent from the majority opinion.

{¶34}   R.C. 1701.91 provides in pertinent part:

{¶35}   "(A) A corporation may be dissolved judicially and its affairs wound up:

{¶36}   "(4) By an order of the court of common pleas of the county in this state in which the corporation has its principal office, in an action brought by one-half of the directors when there is an even number of directors or by the holders of shares entitling them to exercise one-half of the voting power, when it is established that the corporation has an even number of directors who are deadlocked in the management of the corporate affairs and the shareholders are unable to break the deadlock, or when it is established that the corporation has an uneven number of directors and that the shareholders are deadlocked in voting power and unable to agree upon or vote for the election of directors as successors to directors whose terms normally would expire upon the election of their successors. Under these circumstances, dissolution of the corporation shall not be denied on the ground that the corporation is solvent or on the ground that the business of the corporation has been or could be conducted at a profit.

{¶37}   "(D) After a hearing had upon such notice as the court may direct to be given to all parties to the proceeding and to any other parties in interest designated by the court, a final order based either upon the evidence, or upon the report of the special master commissioner if one has been appointed, shall be made dissolving the corporation or dismissing the complaint. . . ."

{¶38}   I would find that based on the language of this statute, the court has discretion to grant or deny dissolution even where there is evidence of deadlock.

**{¶39}** The Ohio Supreme Court has discussed the issue of statutory use of the words "may" and "shall" in *Dorrian v. Scioto Conservancy Dist.* (1971), 27 Ohio St.2d 102, 107-108,  271 N.E.2d 834, 837-838:

**{¶40}** "The character of a statute, as mandatory or permissive, is commonly determined by the manner in which particular terms used therein are construed.

**{¶41}** "In determining whether a statute is mandatory or permissive, it is often necessary, as in this case, to trace its use of the terms 'may' and 'shall.'

**{¶42}** "The statutory use of the word 'may' is generally construed to make the provision in which it is contained optional, permissive, or discretionary (*Dennison v. Dennison* (1956), 165 Ohio St. 146, 134 N.E.2d 574), at least where there is nothing in the language or in the sense or policy of the provision to require an unusual interpretation (*State ex rel. John Tague Post v. Klinger* (1926), 114 Ohio St. 212, 151 N.E. 47).

**{¶43}** "The word 'shall' is usually interpreted to make the provision in which it is contained mandatory (*Dennison v. Dennison*, supra), especially if frequently repeated (*Cleveland Ry. Co. v. Brescia* (1919), 100 Ohio St. 267, 126 N.E. 51).

**{¶44}** "Ordinarily, the words 'shall' and 'may,' when used in statutes, are not used interchangeably or synonymously. *State ex rel. Wendling Bros. Co. v. Board of Edn.* (1933), 127 Ohio St. 336, 188 N.E. 566.

**{¶45}** "However, in order to serve the basic aim of construction of a statute-to arrive at and give effect of the intent of the General Assembly-it is sometimes necessary to give to the words 'may' and 'shall' as used in a statute, meanings different from those given them in ordinary usage (*State v. Budd* (1901), 65 Ohio St. 1, 60 N.E. 988; *State*

*ex rel. Myers v. Board of Edn.* (1917), 95 Ohio St. 367, 116 N.E. 516), and one may be construed to have the meaning of the other (*State v. Budd*, supra; *State ex rel. Myers v. Board of Edn.*, supra; *Gallman v. Board of County Commrs.* (1953), 159 Ohio St. 253, 112 N.E.2d 38).

**{¶46}** "But when this construction is necessary, the intention of the General Assembly that they shall be so construed must clearly appear (*General Electric Co. v. International Union* (1952), 93 Ohio App. 139, 108 N.E.2d 211), from a general view of the statute under consideration (*State v. Budd*, supra; *State ex rel. Myers v. Board of Edn.,* supra), as where the manifest sense and intent of the statute require the one to be substituted for the other (*State ex rel. Mitman v. Greene County* (1916), 94 Ohio St. 296, 113 N.E. 831; *State ex rel. Methodist Children's Home v. Board of Edn.* (1922), 105 Ohio St. 438, 138 N.E. 865).

**{¶47}** "As Judge Stewart of this court said in *Dennison v. Dennison*, supra: 'Although it is true that in some instances the word, 'may,' must be construed to mean 'shall,' and 'shall' must be construed to mean 'may,' in such cases the intention that they shall be so construed must clearly appear. Ordinarily, the word 'shall' is a mandatory one, whereas 'may' denotes the granting of discretion.'"

**{¶48}** In the instant statute, I do not find that the General Assembly clearly intended that "may" be interpreted as "shall." In subsection (D), the legislature used the word "shall" to direct the trial court to issue a final order either dissolving the corporation or dismissing the complaint. By the use of both "may" and "shall" in the same statute, it would appear the General Assembly intended the words to be given their ordinary meaning.

{¶49} I would therefore find that our standard of review is whether the court abused its discretion in denying judicial dissolution. Appellant's verified complaint demonstrates that the parties were deadlocked on the issue of dissolution of the corporation and also had failed to elect directors after Heater walked out of a meeting. However, there was evidence that the parties were not hopelessly deadlocked. The evidence demonstrates that the parties were both willing to sell the company. Appellant had no involvement in the day-to-day management of the business, and the company continued to operate in the usual manner in spite of the obvious animosity between appellant and Heater. The meetings which appellant claims demonstrate deadlock were called by appellant after he had been sued by METSS for breach of fiduciary duty and the court could have determined that he was deliberately attempting to create deadlock for the purpose of dissolving the corporation. In his deposition testimony, appellant cited three reasons for wanting to dissolve the corporation, none of which was an inability to operate the company due to deadlock:

{¶50} "Q. And you're seeking to dissolve METSS even though you've made 95 percent of your entire income over your time at METSS through METSS?

{¶51} "A. Yes.

{¶52} "Q. And you're willing to dissolve the company and put all those families out of work?

{¶53} "A. Yes.

{¶54} "Q. Why?

{¶55} "A. I told you, I have three reasons. The first one is I'm not involved in the management or the operations of the company. Two, my partner's actually sued me to

say that I don't work and don't do things for the company. And, three, my partner is a crook. So those are all very, very good reasons. Three wonderful reasons right there to dissolve the company, because I don't need it." Sapienza Deposition, p. 103.

{¶56} By his own admission, appellant was not involved in the day-to-day management or operations of the business, and, therefore, his deadlock with Heater on some issues did not extend to how the company was managed. As there was some evidence that the parties were not completely deadlocked and/or such deadlock was deliberately manufactured by appellant because he was angry over the breach of fiduciary duty suit and simply trying to get even with Heater, I would find that the court did not abuse its discretion in denying dissolution.


_Julie A. Edwards_____

Judge Julie A. Edwards

[Cite as *Sapienza v. Material Eng. & Technical Support Servs. Corp.*, 2011-Ohio-3559.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

RICHARD SAPIENZA                          :
                                          :
    Plaintiff-Appellant             :
                                          :
-vs-                                      :
                                          :          JUDGMENT ENTRY
MATERIALS ENGINEERING AND                 :
TECHNICAL SUPPORT SERVICES                :
CORPORATION, ET AL.                       :
                                          :
    Defendants-Appellees            :          CASE NO. 10CAE110092


For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is reversed. Costs to appellees.


_s/ Sheila G. Farmer_____


s/ John W. Wise_____


_____

JUDGES