[Cite as *McCarthy v. Anderson*, 2018-Ohio-1993.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| JERRY J. McCARTHY, et al. | JUDGES:<br>Hon. John W. Wise, P. J.<br>Hon. William B. Hoffman, J.<br>Hon. Earle E. Wise, Jr., J. |
| Plaintiffs-Appellants | |
| -vs- | |
| | Case No. 17 CA 36 |
| PHILLIP ANDERSON, et al. | |
| Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDING: Civil Appeal from the Court of Common
Pleas, Case No. 17 CV 189


JUDGMENT: Dismissed


DATE OF JUDGMENT ENTRY: May 21, 2018


APPEARANCES:

For Plaintiff-Appellant Legacy

LAREN E. KNOLL
KNOLL LAW FIRM LLC
7240 Muirfield Drive
Suite 320
Dublin, Ohio  43017

For Defendants-Appellees

MICHAEL HRABCAK
BENJAMIN B. NELSON
HRABCAK & COMPANY, LPA
67 East Wilson Bridge Road
Worthington, Ohio  43085

*Wise, John, P. J.*

{¶1} Plaintiff-Appellant Legacy Apparel and Promo, Inc. appeals the decision of the Court of Common Pleas, Licking County, which ordered a corporate dissolution and the appointment of a receiver upon motions filed by Defendants-Appellees Philip Anderson, *et al.* The relevant facts leading to this appeal are as follows.

{¶2} In July 2015, Jerry J. McCarthy (co-plaintiff) and Appellee Anderson decided to incorporate and operate a new apparel and promotional products company called Legacy Apparel & Promo, Inc., assuming the titles of directors and officers. According to McCarthy, he and appellee were to be 50/50 owners of the new company, and profits were to be split equally. Appellee had previously operated another apparel and promotions business known as Vision Apparel, but appellee allegedly told McCarthy that he was no longer operating Vision Apparel, and that the company had been shut down.

{¶3} Due to his concerns with Legacy Apparel's finances and certain expenditures, McCarthy met with appellee in the fall of 2016, seeking an accounting and to direct operations in a profitable manner. McCarthy allegedly informed appellee that he would be taking a more active role in the management of the business. According to appellant, in late 2016 and early 2017, appellee repeatedly locked out appellant from the company computer systems and denied access to programs and systems utilized by Legacy Apparel.

{¶4} On February 10, 2017, Appellant Legacy and McCarthy filed a civil complaint in the Licking County Court of Common Pleas against Appellee Anderson, Appellee Vision Apparel, and other "John Doe" defendants, alleging counts of fraud,

breach of fiduciary duty, breach of duties of loyalty and care, tortious interference with business relations and contract, conversion, unfair competition and uniform trade secrets violations, and unjust enrichment. Appellant and McCarthy also therein requested *inter alia* a temporary restraining order and a preliminary injunction.

{¶5} Appellees filed their answer to the complaint on March 6, 2017. Furthermore, on April 3 and 4, 2017, Appellee Anderson filed motions seeking judicial dissolution and the appointment of a receiver.

{¶6} In the meantime, on April 25, 2017, the trial court issued a judgment entry, stating *inter alia* that a receiver would be appointed in the near future and that the parties had agreed to "restrain from altering, deleting, or modifying any data or electronically stored information concerning the operation of either company." Judgment Entry, April 25, 2017, at 1.

{¶7} A hearing was conducted before the trial court on April 28, 2017.

{¶8} On May 2, 2017, the trial court issued a judgment entry finding the parties "deadlocked in management," granting dissolution of Legacy Apparel and Promo, Inc., and naming Attorney Justin Lodge as the receiver. On the same day, the court issued an order quashing certain subpoenas to Park National Bank, Fifth Third Bank, and Customer Focus Software.

{¶9} On May 30, 2017, Appellant Legacy filed a notice of appeal as to the three aforesaid judgment entries.[1] It herein raises the following five Assignments of Error:

{¶10} "I. THE TRIAL COURT ERRED WHEN IT FAILED TO RESTRAIN MR. ANDERSON AND VISION APPAREL.

---

[1] McCarthy has pursued his own appeal under a separate appellate case number.

**{¶11}** "II.   THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT A PRELIMINARY INJUNCTION AGAINST MR. ANDERSON AND VISION APPAREL.

**{¶12}** "III.   THE TRIAL COURT ERRED IN APPOINTING A RECEIVER FOR LEGACY APPAREL & PROMO, INC.

**{¶13}** "IV.   THE TRIAL COURT ERRED IN DISSOLVING LEGACY APPAREL & PROMO, INC.

**{¶14}** "V.   THE TRIAL COURT ERRED WHEN IT FAILED TO COMPEL AND PERMIT DISCOVERY."

**{¶15}** We will address the aforesaid assigned errors partially out of sequence.

I., II., V.

**{¶16}** In its First Assignment of Error, appellant essentially contends the trial court erred in failing to issue a temporary restraining order against Appellees Anderson and Vision Apparel. In its Second Assignment of Error, appellant maintains the trial court erred in failing to issue a preliminary injunction against appellees. In its Fifth Assignment of Error, appellant argues that the trial court erred in failing to "compel and permit discovery."

**{¶17}** As indicated in our procedural summary of this matter, *supra*, McCarthy and appellant commenced the within action in the trial court on February 10, 2017, by filing a civil complaint against Appellee Anderson, Appellee Vision Apparel, and other "John Doe" defendants, along with a request for a temporary restraining order and a preliminary injunction. While the trial court indeed proceeded to rule on *appellees'* motions seeking judicial dissolution and the appointment of a receiver, the bulk of *appellants'* February 10, 2017 complaint remains pending. In the court's own words, it "has held a number of conferences with counsel in an attempt to manage all of the various issues that have been

raised pretrial in an attempt to accomplish the objectives of the possibility of settling the action; simplifying the issues and minimizing the costs to the parties." Judgment Entry, April 25, 2017, at 1.

{¶18} We recognize the general principle that when a trial court fails to rule upon a pretrial motion, it may be presumed that the court overruled it. *Ohio Receivables, L.L.C. v. Durunner*, 5th Dist. Delaware No. 13 CAG 03 0017, 2013-Ohio-5514, ¶ 29, citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.,* 69 Ohio St.3d 217, 223, 631 N.E.2d 150, 1994–Ohio–92. However, under the procedural circumstances presented, we find it is far too early to invoke the aforesaid presumption.

{¶19} In addition, as to appellant's fifth assigned error, as a general rule, trial court orders dealing with discovery are considered interlocutory and are not immediately appealable. *Novak v. Studebaker*, 9th Dist. Summit No. 24615, 2009-Ohio-5337, ¶ 14. Furthermore, an order granting a motion to quash a subpoena is generally not a final appealable order. *See In re Tracy M.*, 6th Dist. Huron No. H-04-028, 2004-Ohio-5756, ¶ 29; *Foor v. Huntington National Bank*, 27 Ohio App.3d 76, 77 (10th Dist. 1986).

{¶20} Accordingly, and in conjunction with our conclusions *infra*, we find the issues raised in appellant's First, Second, and Fifth Assignments are not presently ripe for appeal.

III.

{¶21} In its Third Assignment of Error, appellant essentially contends the trial court erred in appointing a receiver for the corporation.

{¶22} As an initial matter, we note an appellate court's jurisdiction over trial court rulings extends only to "judgments or final orders." Ohio Constitution, Art. IV, Section

3(B)(2). As a general rule, a judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order. *See Moscarello v. Moscarello,* 5th Dist. Stark No. 2014CA00181, 2015–Ohio–654, ¶ 11, quoting *Rice v. Lewis,* 4th Dist. Scioto No. 11CA3451, 2012–Ohio–2588, ¶ 14 (additional citations omitted).

**{¶23}** As a general rule, the court appointment of a receiver is a final, appealable order. *See Mandalaywala v. Zaleski*, 124 Ohio App.3d 321, 329, 706 N.E.2d 344 (10th Dist.1997) (additional citations omitted). However, where additional claims remain pending, an order appointing a receiver is a final appealable order only if the trial court makes an express determination under Civ.R. 54(B) that there is no just reason for delay. *See Koehler Bros. v. Swihart*, 3rd Dist. Hancock No. 5-78-16, 1979 WL 207934 (Whiteside, J., concurring). *See, also*, *Regents Mgt. Co. v. Connor*, 10th Dist. Franklin No. 78AP-172, 1978 WL 217266 (indicating no final appealable order exists where the trial court has failed to include Civ.R. 54(B) language and the receiver has not yet been finally discharged).

**{¶24}** In the case *sub judice*, most, if not all, of the claims brought by appellant and McCarthy in their lawsuit remain pending, but the judgment entry at issue granting appellees' request for a receiver lacks a Civ.R. 54(B) certification by the trial court.

**{¶25}** We therefore will not further address appellant's Third Assignment of Error in the present appeal.

IV.

**{¶26}** In its Fourth Assignment of Error, appellant argues the trial court erred in judicially dissolving the corporation.

**{¶27}** R.C. 1701.91(A)(4) states in pertinent part as follows: "A corporation may be dissolved judicially and its affairs wound up *** [b]y an order of the court of common pleas of the county in this state in which the corporation has its principal office, in an action brought by one-half of the directors when there is an even number of directors *** when it is established that the corporation has an even number of directors who are deadlocked in the management of the corporate affairs and the shareholders are unable to break the deadlock ***."

**{¶28}** In *Sapienza v. Material Eng. & Tech. Support Servs. Corp.*, 5th Dist. Delaware No. 10CAE110092, 2011-Ohio-3559, this Court concluded that "[b]ecause R.C. 1701.91(A)(4) involves an analysis of the facts presented by the complaining shareholders and directors, our standard of review is essentially a sufficiency of the evidence standard." *Id.* at ¶ 20.

**{¶29}** However, we again must address whether a final appealable order is presently before this Court. *See* Ohio Constitution, Article IV, Section 3(B)(2). R.C. 1701.91(E) provides as follows: "A judicial proceeding under this section concerning the judicial dissolution of a corporation is a special proceeding, *and final orders in it may be vacated, modified, or reversed on appeal* pursuant to the Rules of Appellate Procedure or the Rules of Practice of the Supreme Court, whichever are applicable, and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code." (Emphasis added). An order which affects a substantial right is one which, if not immediately appealable, would foreclose appropriate relief in the future. *Nozik v. Mentor Lagoons, Inc.*, 11th Dist. Lake No. 93-L-057, 1994 WL 188904, citing *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 63 (internal quotations omitted).

**{¶30}** Nonetheless, as indicated previously, the judgment entry at issue in the case *sub judice* lacks a Civ.R. 54(B) certification by the trial court. The Ohio Supreme Court has recognized that "[f]or purposes of Civ.R. 54(B) certification, in deciding that there is no just reason for delay, the trial judge makes what is essentially a factual determination—whether an interlocutory appeal is consistent with the interests of sound judicial administration." *Wisintainer v. Elcen Power Strut Co.* (1993), 67 Ohio St.3d 352, 617 N.E.2d 1136, paragraph one of the syllabus. An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B) are met. *McHenry v. McHenry*, 5th Dist. Stark No. 2014 CA 00146, 2015-Ohio-2479, ¶ 23, citing *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, syllabus.

**{¶31}** Accordingly, despite the general legislative preference apparent in R.C. 1701.91(E) to allow immediate appeal of an order of judicial dissolution, due to the existence in this instance of pending claims stemming from appellant's lawsuit and the lack of Civ.R. 54(B) language in the judgment entry under appeal, we find a final appealable order is lacking. While appellant argues the trial court should have postponed dissolution "[a]s a matter of judicial economy, fairness and to prevent financial avoidance by Mr. Anderson ***," (Appellant's Brief at 27), we are herein bound by the holding of *Chef Italiano*, *supra*.

**{¶32}** We therefore will not reach the merits of appellant's Fourth Assignment of Error in the present appeal.

{¶33} For the foregoing reasons, the appeal of the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby dismissed.


By: Wise, John, P. J.

Wise, Earle, J., concurs.

Hoffman, J., concurs in part and dissents in part.


JWW/d 0416

*Hoffman, J., concurring in part and dissenting in part*

{¶34} I concur in the majority's analysis and disposition of Appellant's first, second, third and fifth assignments of error.

{¶35} I respectfully dissent from the majority's analysis and decision with respect to Appellant's fourth assignment of error. Unlike the majority, I find the trial court's decision to dissolve the corporation is a final appealable order despite the trial court's failure to include Civ.R. 54(B) certification. I find so because corporate dissolution is a special proceeding under R.C. 2505.02(B)(2), and the trial court's decision to order the cooperation dissolved affects substantial rights of all the parties in the lawsuit.

{¶36} I also believe the order is final under R.C. 2925.02(B)(4) as it "in effect determines the action with respect to the provisional remedy [corporate dissolution], and prevents a judgment in the action in favor of the appealing party [Appellant] with respect to the provisional remedy." Further, by doing so, Appellant "would not be afforded a meaningful or effective remedy by way of appeal following final judgment as to all proceedings, issues, claims, and parties in the action." Because R.C. 2505.02(B)(4) specifically recognizes situations where a final appealable order exists despite the existence of remaining proceedings, issues, claims, and parties and does not condition exercise of appellate jurisdiction upon Civ.R. 54(B) certification, I find it is a final order also thereunder.

{¶37} Furthermore, the statute creating the procedure for corporation dissolution, R.C. 1701.91(E), specifically states final orders made in it are appealable to the extent not in conflict with the appellate rules or Chapter 2505. of the Revised Code. Because the trial court's order is specifically an order in a special proceeding affecting substantial

rights and determined a provisional remedy under R.C. 2505.02(B)(4), I find it is not in conflict with the appellate rules or Chapter 2505.